**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY MEADOWS<br>1528 Good Hope Road SE<br>Washington, D.C. 20020<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUMILITY OUTREACH MISSIONARY<br>MINISTRIES, INC., and DAVID GILMORE,<br>2200 Tucker Road<br>Fort Washington, MD 20744<br><br>　　　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL<br>DEMANDED** |

**COMPLAINT**

Plaintiff, Anthony Meadows, by and through undersigned counsel, hereby alleges as follows:

**STATEMENT OF THE CASE**

1.　　This is an action to recover unpaid wages, liquidated damages, and attorneys' fees and costs under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act, D.C. Code § 32-1003 ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1303 ("DCWPCL").

2.　　Defendant Humility Outreach Missionary Ministries, Inc. ("HOMM") is a nonprofit organization established and operated by Defendant David Gilmore (collectively, "Defendants") to provide housing and patient care for residents recovering from mental illness. As Defendants' employee, Mr. Meadows performed a wide range tasks that were essential to HOMM's operation, including patient care, maintenance, housekeeping, and administrative

duties.  For a period of approximately seven years, Mr. Meadows routinely worked more than 40 hours a week, sometimes working as much as 12 hours day for seven days a week.  Despite his long hours, HOMM never paid Mr. Meadows the appropriate overtime rate that he was entitled to under federal and D.C. law for the hours he worked in excess of 40 each week.  In addition to underpaying Mr. Meadows for his overtime hours, HOMM frequently paid Mr. Meadows for fewer hours than he actually worked, depriving him not only of overtime but the basic minimum wage for those unpaid hours.

## PARTIES

3. Plaintiff, Anthony Meadows, is an adult resident of Washington, D.C.

4. Defendant HOMM is a non-profit corporation formed under the laws of Maryland with its principle place of business in Washington, D.C.

5. At all times relevant to this action, HOMM was engaged in the business of providing housing and patient care to residents suffering from mental illness.

6. Defendant David Gilmore is the President and CEO of HOMM.

7. At all times relevant to this action, Mr. Gilmore was in charge of day-to-day operations of HOMM.

8. At all times relevant to this action, Mr. Gilmore made all decisions relating to Plaintiff's rate and method of pay.

9. At all times relevant to this action, Mr. Gilmore was responsible for maintaining all employment records for Plaintiff.

10. Both Defendants were Mr. Meadows' "employers" for purposes of the FLSA.

11. At all times relevant to this action, HOMM was engaged in commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

12.     At all times relevant to this action, upon information and belief, HOMM qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

13.     At all times relevant to this action, Mr. Meadows was an employee who was engaged in commerce as required by 29 U.S.C. §§ 206–07.

## JURISDICTION

14.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Mr. Meadows' claims arising under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because those claims arise under federal law.

15.     This Court has supplemental jurisdiction over the claims arising under District of Columbia law pursuant to 28 U.S.C. § 1367(a) because all claims stated herein arise from a common set of operative facts and are so related as to form a part of the same case or controversy.

16.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants' actions alleged herein occurred in the District of Columbia.

## FACTS

17.     Mr. Meadows was employed by Defendants from June 2010 to March 2017 at Defendants' principal place of business in Washington, D.C.

18.     In the course of this employment, Mr. Meadows worked as a live-in home health aide and provided general maintenance and housekeeping services.  His duties included monitoring and administrating medication to residents, cooking meals for residents, cleaning, taking out the trash, landscaping, plumbing, and shoveling snow during the winter.  Mr. Meadows also performed administrative duties such as training incoming employees.

19. Mr. Meadows lived on HOMM's premises. He therefore often filled in when another employee failed to come to work and responded to emergencies during his time off.

20. During the time period of his employment, Mr. Meadows routinely worked more than 40 hours a week, as reflected in HOMM's own payroll records. These records show that HOMM never paid Mr. Meadows the statutorily required overtime rate of pay for the hours he worked in excess of 40 each week.

21. HOMM frequently undercounted Mr. Meadows' hours, paying him for less than the number of hours he actually worked in a given week. For those unpaid hours, HOMM deprived Mr. Meadows of the statutory minimum wage in addition to the overtime pay he was entitled to.

22. In March 2017, a HOMM resident filed a complaint against Mr. Meadows, which a subsequent investigation found to be unsubstantiated. Nevertheless, a supervisor at HOMM decided, prior to even conducting the investigation, to suspend Mr. Meadows without pay and later to terminate his employment.

## EQUITABLE TOLLING

23. At all times during the course of Mr. Meadows' employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' place of business any poster or information that notified employees of the federal overtime compensation requirement.

24. At all times during the course of Mr. Meadows' employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' place of business any poster or information that notified employees of any enforcement remedies available to employees who are not paid as required by federal law, including notification that underpaid

employees have a private right of action to file a lawsuit against employers for nonpayment or underpayment of wages.

25. As a result of the lack of notifications at HOMM's place of business, Mr. Meadows was unaware of his rights as an employee under federal law.

26. In consideration of the foregoing, it is proper to toll Mr. Meadows' claims to include the entirety of Mr. Meadows' employment with Defendants.

## CAUSES OF ACTION

### COUNT I

**<u>Violation of the Fair Labor Standards Act for Failure to Pay Overtime Wages</u>**

27. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1–26 above, as if each were set forth herein.

28. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half times the regular rate at which he is employed."

29. Defendants, as Mr. Meadows' employers, were obligated to compensate Mr. Meadows at the overtime rate of one-and-one-half his regular hourly rates for all hours worked in excess of 40 per week.

30. While in Defendants' employ, Mr. Meadows regularly and customarily worked overtime hours in excess of 40 per week.

31. Defendants, however, failed to compensate Mr. Meadows as required by the FLSA for overtime hours worked each week in excess of 40.

32. Defendants' failure to pay Mr. Meadows as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under the FLSA, § 16(b), for all unpaid overtime wages, plus an equal amount in liquidated damages, interest (both pre-and post-judgment), attorneys' fees, litigation expenses, and any other and further relief this Court deems appropriate.

## COUNT II

### Violation of the D.C. Minimum Wage Act for Failure to Pay Overtime Wages

33. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1–32 above, as if each were set forth herein.

34. Under the DCMWA, Defendants, as Mr. Meadows' employers, were obligated to compensate Mr. Meadows at the overtime rate of one-and-one-half his regular hourly rates for all hours worked in excess of 40 per week.

35. While in Defendants' employ, Mr. Meadows regularly and customarily worked overtime hours in excess of 40 per week.

36. Defendants, however, failed to compensate Mr. Meadows for overtime hours worked each week in excess of 40, in violation of the DCMWA, D.C. Code § 32-1003(c).

37. Defendants' failure to pay Mr. Meadows as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under the DCMWA, § 32-1012, for all unpaid overtime wages, plus an amount in liquidated damages equal to treble the unpaid wages, interest (both pre-and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III

**Violation of the D.C. Minimum Wage Act for Failure to Pay Minimum Wage**

38. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1–37 above, as if each were set forth herein.

39. The DCMWA, D.C. Code § 32-1003(a)(2)-(5), sets forth the minimum wage rates applicable during the relevant time period.

40. Defendants, as Mr. Meadows' employers, were obligated to compensate Mr. Meadows for all non-overtime hours worked at the hourly rate set forth in the statute.

41. As set forth above, HOMM frequently undercounted Mr. Meadows' hours, thereby depriving him of *any* compensation for part of the time that he worked.

42. Defendants' failure to pay Mr. Meadows the minimum wage required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under the DCMWA, § 32-1012, for all unpaid wages, plus an amount in liquidated damages equal to treble the unpaid wages, interest (both pre-and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV

**Failure to Timely Pay Wages Under the D.C. Wage Payment and Collection Law**

43. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1–42 above, as if each were set forth herein.

44. D.C. Code § 32-1303(1) provides that "[w]henever an employer discharges an employee, the employer shall pay the employee's wages" within four days.

45. D.C. Code § 32-1301(3)(D) defines wages to include, *inter alia*, an "overtime premium."

46. Because of their failure to pay overtime, Defendants failed to timely pay Mr. Meadows' wages owed.

47. Defendants failure to make such payment was willful, intentional and in bad faith.

WHEREFORE, Defendants are liable to Plaintiff pursuant to the DCWPCL for unpaid wages, plus an amount in liquidated damages equal to treble the unpaid wages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Determine the damages sustained by the Plaintiff as a result of Defendants' willful and intentional violations of the FLSA, 29 U.S.C. § 207(a), the DCMWA, D.C. Code § 32-1012(b), and award such back pay and unpaid overtime and minimum wage wages against Defendants in favor of Plaintiff, plus an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b), plus such prejudgment interest as may be allowed by law;

b. Determine the damages sustained by Plaintiff as a result of Defendants' willful and intentional violations of the DCWPCL, D.C. Code § 32-1303 and award such amount and an additional amount of liquidated damages as authorized by law, plus such prejudgment interest as may be allowed by law;

c.  Award Plaintiff the expenses and of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, investigators' fees, experts' fees, and other associated costs;

d.  Grant Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on issues so triable.

Dated: January 5, 2018

Respectfully submitted,

/s/  *Thomas G. Hentoff*

Thomas G. Hentoff (D.C. Bar No. 438394)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)
thentoff@wc.com

*Attorneys for Plaintiff*

Dennis A. Corkery (D.C. Bar No. 1016991)
Matthew K. Handley (D.C. Bar No. 489946)
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, Suite 400
Washington, DC 20036
Phone: (202) 319-1000
Fax:    (202) 319-1010
Email: Dennis_Corkery@washlaw.org
          Matthew_Handley@washlaw.org

*Attorneys for Plaintiffs*